Roy F. STOUGH and Quality Merchandisers, Inc., d/b/a Quality Services, Plaintiffs-Appellants,

v.

MAY AND COMPANY OF GEORGIA, INC., et al., Defendants-Appellees.

No. 72-3269.

United States Court of Appeals, Fifth Circuit.

Aug. 16, 1973.

John Walton Henderson, Jr., John C. Grabbe, III, Atlanta, Ga., for plaintiffs-appellants.

Griffin Patrick, Jr., Charles F. Reeves, East Point, Ga., for defendants-appellees.

Before BELL, GOLDBERG and SIMPSON, Circuit Judges.

BELL, Circuit Judge:

Plaintiffs are wholesalers who supply hosiery and toys to various retail outlets in the State of Georgia. They compete with defendants who sell a wide range of non-food items, including hosiery and toys, to some of the same retail outlets. Plaintiffs sought damages from defendants on a claim of violation of § 2(a) of the Clayton Act as amended by the Robinson-Patman Act. 15 U.S.C.A. § 13(a). The gist of the claim was that defendants obtained several of plaintiffs' customers by promising these customers a special rebate on their purchases. Plaintiffs alleged that the rebate was discriminatory in that it was employed on a selective basis.

All parties moved for summary judgment. The district court gave judgment for the defendants. On the strength of depositions and affidavits, the court held that there was no geniune dispute over any material issue of fact and that the defendants were entitled to judgment as a matter of law because (1) the contested transactions were not "consummated sales" and were not, therefore, covered by § 2(a), and (2) none of the contested transactions occurred in interstate commerce, as required by the Act. On plaintiffs' motion for reconsideration, the court evaluated the claim in light of the panel opinion of this court in Littlejohn v. Shell Oil Company, 5 Cir. 1972, 456 F.2d 225, and held that although the requisite interstate involvement may have been present under the "underwriting" theory of that case, defendants were still entitled to summary judgment because the contested transactions were not "consummated sales".

On appeal, plaintiffs assert error in the "consummated sales" holding. Meanwhile, this court has considered *Littlejohn* en banc and has rejected the underwriting theory as a method of meeting the jurisdictional requirement of the Act that at least one of the discriminatory sales be in interstate commerce. Littlejohn v. Shell Oil Company, 5 Cir., 1973, 483 F.2d 1140 (En Banc).

With respect to the no "consummated sales" issue, it is undoubtedly true that there can be no violation of § 2(a) of the Act unless there is discrimination between purchasers and "[I]n order for there to be discrimination between purchasers, there must be actual sales at two different prices to two different actual buyers". Jones v. Metzger Dairies, Inc., 5 Cir., 1964, 334 F.2d 919 at 924. Cf. Aluminum Company of America v. Tandet, D.Conn.1964, 235 F. Supp. 111. Here there were actual sales by defendants to customers, including customers of plaintiffs, with a resultant loss of specified customers to plaintiffs. However, the rebate was never paid to the selected promisees and there is a disputed issue of fact as to whether it was ever to be paid. There is testimony that the promised rebate was conditioned on

defendants being assured that the rebate could be paid without violating any law. In any event, it may be that a disputed fact issue is presented over the content of the promise and whether a rebate was in fact a part of the defendants' prices. In this posture of the case and because, as will be seen, there is another dispositive question in the case, we pretermit ruling on the "consummated sales" approach of the district court.

 Both in brief and on oral argument, counsel for plaintiffs conceded that the claimed discriminatory sales were made only in Georgia. They relied entirely on the underwriting theory of Moore v. Mead's Fine Bread, 1954, 348 U.S. 115, 75 S.Ct. 148, 99 L.Ed. 145, to establish subject matter jurisdiction. As stated, that theory will no longer suffice. There was thus no subject matter jurisdiction in the district court. See *Littlejohn,* supra, en banc decision. Summary judgment for defendants on this ground was a proper disposition. It was the basis of the first ruling of the district court which ruling was, as stated, withdrawn after the panel opinion in *Littlejohn.*

We therefore affirm the grant of summary judgment for defendants.

Affirmed.

SIMPSON, Circuit Judge (concurring specially):

I concur in Judge Bell's opinion for the Court in this case solely because I am institutionally bound by the views of the majority of the en banc Court in *Littlejohn,* 5 Cir. 1973, 483 F.2d 1140. If free to do so, I would adhere to the "underwriting" theory of liability under § 2(a) of the Clayton Act,[1] of the majority opinion of the original panel in *Littlejohn.*[2] See further my separate opinion, joined by Judges Brown, Wisdom, Godbold and Morgan, concurring in

part and dissenting in part from Judge Bell's opinion for the majority of the en banc Court, Littlejohn v. Shell Oil Co., 5 Cir. 1973, en banc, 483 F.2d 1140.

---

1. Based upon Moore v. Mead's Fine Bread, 1964, 348 U.S. 115, 75 S.Ct. 148, 99 L.Ed. 145.

2. Littlejohn v. Shell Oil Co., 5 Cir. 1972, 456 F.2d 225.